UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

------------------------------------- x
UNITED STATES OF AMERICA and : 
STATE OF INDIANA, :
 :
      Plaintiffs, :
 : Civil Action No. 3:22-cv-893
v. :
 :
FLEXSTEEL INDUSTRIES, INC., :
 :
      Defendant. :
------------------------------------- x

# COMPLAINT

The United States of America ("United States"), by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Indiana ("State"), by the authority of the Attorney General of the State and through the undersigned attorneys, acting on behalf of the Indiana Department of Environmental Management ("IDEM") (collectively the "Governments"), file this complaint and allege as follows:

## STATEMENT OF THE CASE

1. This is a civil action brought against Flexsteel Industries, Inc. ("Flexsteel"), pursuant to Sections 106, 107, and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606, 9607, and 9613 as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA") and Ind. Code §§ 13-25-4-9, 13-25-4-10, and 13-25-4-8.

1

2. The Governments seek, pursuant to Section 106 of CERCLA, 42 U.S.C. § 9606 and Ind. Code § 13-25-4-9, injunctive relief requiring Flexsteel to take action to abate conditions at the Lane Street Groundwater Contamination Superfund Site (the "Site") that may pose an imminent and substantial endangerment to the public health or welfare or the environment.

3. The Governments also seek, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) and Ind. Code § 13-25-4-10, recovery of unreimbursed response costs incurred by them for activities undertaken in response to the release or threatened release of hazardous substances at the Site.

4. Finally, the Governments request a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2) and Ind. Code § 13-25-4-8(a), declaring that Flexsteel is liable for any future response costs that the Governments may incur in connection with any subsequent action or actions that may be performed pertaining to the Site.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to Section 107(a), 113(b), and 113(e) of CERCLA, 42 U.S.C. §§ 9607(a), 9613(b) and (e), and 28 U.S.C. §§ 1331 and 1345. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the State's claims under Ind. Code §§ 13-25-4-9 and 13-25-4-10.

6. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b) and (c), because the claims arose and the threatened and actual releases of hazardous substances occurred in this district.

## DEFENDANT

7. Flexsteel is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Dubuque, Iowa. Flexsteel is authorized to do business in the

State of Indiana. At all times relevant to this Complaint, Flexsteel owned and operated facilities at 2503 Marina Drive, 2505 Marina Drive, and 3507 Cooper Drive (collectively the "Former Dygert Seating Facility"). These properties are all located within the Site.

8. Flexsteel is a "person" within the meaning of CERCLA Sections 101(21) and 107, 42 U.S.C. §§ 9601(21) and 9607, and Ind. Code §§ 13-25-4-9, 13-25-4-10, and 13-25-4-8(a).

## STATUTORY BACKGROUND

9. CERCLA was enacted to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

10. Section 106(a) of CERCLA provides in pertinent part:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat,…

42 U.S.C. § 9606(a).

11. Section 107(a) of CERCLA provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section —
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> \* \* \*
>
> shall be liable for —

>    (A) all costs of removal or remedial action incurred by
>        the United States Government or a State … not
>        inconsistent with the national contingency plan . . .

42 U.S.C. § 9607(a).

12. Section 113(g)(2) of CERCLA specifies that in any action for recovery of costs under CERCLA Section 107, 42 U.S.C. § 9607, "the court shall enter a declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recover further response costs . . . ." 42 U.S.C. § 9613(g)(2).

13. Under Ind. Code § 13-25-4-8(a), "a person that is liable under Section 107(a) of CERCLA (42 U.S.C. § 9607(a)) for: (1) the costs of removal or remedial action incurred by the commissioner consistent with the national contingency plan . . . is liable, in the same manner and to the same extent, to the state under this section."

## THE SITE

14. The Site encompasses approximately 65-acres located near the intersection of Lane Street and County Road 106, in the northeast sector of Elkhart County.

15. The primary hazardous substances of concern at the Site are trichloroethene (TCE), 1, 1- dichloroethane (1,1-DCA) (a breakdown product of 1,1,1-TCA), tetrachloroethene (PCE), and cis-1,2-dichloroethene (cis-1,2-DCE). Both TCE and PCE are colorless liquids typically used in industrial processes as solvents to clean metal parts. 1,1-DCA is a colorless oily liquid most often found in solvents and chemical mixtures. TCE, PCE, and their breakdown products (such as cis-1,2-DCE), and 1,1-DCA, can pose potential health risks through ingestion of contaminated soil or contaminated water, through direct contact, or through breathing contaminated air. Short-term exposure to high levels of these substances may lead to headaches,

lung irritation, dizziness, unconsciousness, and death. Long-term, low-level exposure could cause carcinogenic (cancer causing) and/or non-carcinogenic health effects.

16. EPA designated these compounds as chemicals of concern because they are persistent and present in the Site groundwater aquifer at concentrations above health-based levels.

## RESPONSE ACTIVITIES AT THE SITE

17. In response to the release or threatened release of hazardous substances at or from the Site, the Governments undertook the following response actions at the Site pursuant to CERCLA Section 104, 42 U.S.C. § 9604.

18. In 2007, IDEM confirmed elevated levels of TCE in the wells of several homes on Lane Street after a resident reported elevated TCE levels in her well water.

19. Shortly after confirming those findings, EPA conducted a time critical removal action to abate the imminent and substantial endangerment posed by the elevated TCE concentrations in the groundwater. This time critical removal included installation of water filtration systems to affected homes and connecting 26 homes that had private wells to the municipal water supply.

20. Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register on September 23, 2009, 74 Fed. Reg. 48, 412. 17.

21. EPA then commenced a Remedial Investigation and Feasibility Study for the Site, pursuant to 40 C.F.R. § 300.430.

22. Pursuant to Section 117 of CERCLA, 42 U.S.C. § 9617, EPA published notice of the Remedial Investigation and Feasibility Study and the proposed plan for remedial action in a

major local newspaper of general circulation. The notice provided the public an opportunity to provide written and oral comments on the proposed remedial action plan.

23. In 2016, EPA issued a Record of Decision that selected a remedial action remedy for the Site. The Record of Decision included EPA's response to the public comments received and a letter from the State confirming that IDEM agreed with the selected remedy.

**GENERAL ALLEGATIONS RELATING TO THE DEFENDANT**

24. In 1997, Flexsteel purchased the Former Dygert Seating Facility where its employees assembled vehicle seats using prefabricated foam placed on metal frames. The assembly process included the use of adhesives to glue portions of each vehicle seat. Employees also used aerosol cleaning and degreasing products to remove grease spots from fabrics and on some employees' hands. Some of the products used by Flexsteel's employees contained quantities of TCE or 1,1,1-trichlorethane (1,1,1-TCA).

25. Flexsteel is a past "owner" and/or "operator" within the meaning of CERCLA Sections 101(20) and 107(a), §§ 9601(20) and 9607(a), and Ind. Code § 13-11-2-151 of the Former Dygert Seating Facility located within the Site.

26. The Former Dygert Seating Facility owned and/or operated by Flexsteel is a "facility" within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a), and Ind. Code § 13-11-2-77.

27. The Site is a "facility" within the meaning of CERCLA Section 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a), and Ind. Code § 13-11-2-77.

28. TCE, 1,1-DCA, and PCE, and cis-1,2-DCE are "hazardous substances," within the meaning of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a), and Ind. Code § 13-11-2-98.

29. At times relevant to this action, there have been "releases" and "threatened releases" of "hazardous substances" within the meaning of CERCLA Sections 101(22), 101(14), and 107(a), 42 U.S.C. §§ 9601(22), 9601(14), and 9607(a) and Ind. Code § 13-11-2-184, from the Former Dygert Seating Facility owned and/or operated by Flexsteel into the environment within the Site.

30. The Governments have incurred response costs relating to the Site, within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25) and Ind. Code § 13-11-2-189, in responding to releases and threatened releases of hazardous substances from the Former Dygert Facilities owned and/or operated by Flexsteel, and in responding to releases and threatened releases of hazardous substances into the environment of the Site.

## FIRST CLAIM FOR RELIEF
### (Injunctive Relief under CERCLA Section 106, 42 U.S.C. § 9606, and Ind. Code § 13-25-4-9)

31. Paragraphs 1-30 are realleged and incorporated herein by reference.

32. The Director of the Superfund Division of EPA Region 5 has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of hazardous substances from the Site.

33. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate a danger or threat at the Site.

34. Indiana Code § 13-25-4-9 authorizes the State to bring an action to compel a responsible person to undertake a removal or remedial action with respect to a release or threatened release of a hazardous substance from a facility or site in Indiana.

35. EPA selected a remedy in the Record of Decision to abate the dangers and/or threats caused by the hazardous substances in and at the Site.

36. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a) and Ind. Code § 13-25-4-9, Flexsteel is liable to perform the remedy identified in the Record of Decision which is necessary to abate the endangerment to the public health or welfare or the environment at the Site.

## SECOND CLAIM FOR RELIEF
### (Cost Recovery by the Governments under CERCLA Sections 107(a), 42 U.S.C. § 9607(a) and Ind. Code § 13-25-4-8(a))

37. Paragraphs 1-30 are realleged and incorporated herein by reference.

38. In response to the release or threatened release of hazardous substances at or from the Site, the Governments have incurred response costs which have not been reimbursed. The Governments continue to incur response costs, including but not limited to the costs of this enforcement action.

39. The Governments' activities related to the Site and the costs incurred incident to such actions are not inconsistent with the National Contingency Plan, 40 C.F.R Part 300, as promulgated under Section 105(a) of CERCLA, 42 U.S.C § 9605(a).

40. Pursuant to Section 107(a) of CERCLA, 42 U.S.C § 9607(a) and Ind. Code § 13-25-4-8(a), the Governments are entitled to recover interest on the response costs at the rate that is specified for interest on investments of the Hazardous Substances Superfund established under subchapter A of chapter 98 of title 26 of the United States code.

41. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a) and Ind. Code § 13-25-4-8(a), Flexsteel is jointly and severally liable for all unreimbursed response costs incurred by the Governments in connection with the Site.

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment under CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2) and Ind. Code § 13-25-4-8(a))**

42. Paragraphs 1-30 are realleged and incorporated herein by reference.

43. The Governments will continue to incur response costs associated with the Site, including oversight and enforcement costs that are recoverable as response costs under CERCLA.

44. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and Indiana Code § 13-25-4-8(a), the Governments are entitled to entry of a declaratory judgment that Flexsteel is jointly and severally liable for future response costs incurred by the Governments in connection with the Site, to the extent that such costs are incurred in a manner not inconsistent with the National Contingency Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Pursuant to Section 106 of CERCLA, 42 U.S.C. § 9606, and Ind. Code § 13-25-4-9, order Flexsteel to abate the conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment;

2. Enter judgment in favor of the Governments, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and Ind. Code §§ 13-25-4-10 and 13-25-4-8(a), and against Flexsteel for all unreimbursed past response costs incurred by the Governments in connection with response activities involving the Site, including prejudgment interest;

3. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and Ind. Code § 13-25-4-8(a), enter a declaratory judgment in favor of the Governments and against

Flexsteel that will be binding on any subsequent action or actions to recover further response costs or damages in connection with the Site;

4. Award the Governments their costs of this action; and

5. Grant such other and further relief as the Court deems just and proper.

October 24, 2022

Respectfully submitted

FOR THE UNITED STATES OF AMERICA

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice


*/s/Matthew Indrisano*
MATTHEW INDRISANO
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 514-1398
Fax: (202) 616-6584
matthew.indrisano@usdoj.gov

CLIFFORD D. JOHNSON
United States Attorney
Northern District of Indiana

WAYNE T. AULT
Assistant United States Attorney
5400 Federal Plaza
Suite 1500
Hammond, IN 46320
Phone: (219) 937-5500
Fax: (219) 852-2770
wayne.ault@usdoj.gov

OF COUNSEL:

Jamie D. Getz
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 W. Jackson Blvd.
Chicago, IL 60604

                FOR THE STATE OF INDIANA

                PATRICIA ORLOFF ERDMANN
                Chief Counsel for Litigation
                OFFICE OF ATTORNEY GENERAL TODD ROKITA
                302 West Washington Street
                IGCS-5th Floor
                Indianapolis, IN 46204
                p: 317.232.6318 │ f: 317.232.7979
                patricia.erdmann@atg.in.gov

                */s/Meredith McCutcheon*
                MEREDITH MCCUTCHEON
                Deputy Attorney General
                OFFICE OF ATTORNEY GENERAL TODD ROKITA
                Indiana Government Center South-5th Floor
                302 West Washington Street
                Indianapolis, IN 46204
                Phone: (317) 233-9357
                Fax:    (317) 232-7979
                E-mail: Meredith.McCutcheon@atg.in.gov