UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES AMERICA, STATE OF INDIANA, <br><br> Plaintiffs, <br><br> v. <br><br> FLEXSTEEL INDUSTRIES INC, <br><br> Defendant. | Case No. 3:22-CV-893 JD |

**OPINION AND ORDER**

The plaintiffs, the United States of America and the State of Indiana, initiated proceedings against the defendant, Flexsteel Industries, Inc., related to a groundwater contamination at the Lane Street Groundwater Contamination Superfund Site ("Site"). The parties subsequently negotiated a proposed consent decree, and now move for the Court to enter the decree. (DE 6.) The decree was subject to a public comment period and no comments were filed. After reviewing the record, the Court will enter the decree for the following reasons.

**A.  Factual Background**

The groundwater contamination at the Site came to the attention of the U.S. Environmental Protection Agency in 2007 after a resident discovered elevated levels of a chemical contaminant in her well water. Sampling of the area confirmed concentrations of chemicals of concern ("COCs") in the groundwater above the maximum levels for drinking water. In 2008, the EPA moved to abate the threat of the contaminated groundwater to the residents of the area. In 2009, the EPA began a remedial investigation and feasibility study of the

Site. In 2016, the EPA issued a Record of Decision that proposed a cleanup plan for the Site. The proposed cleanup plan would take 10 years to complete and cost $3,600,000.

On October 24, 2022, the Government filed a complaint against Flexsteel, as a former owner and/or operator of the site who contributed to the groundwater contamination. This complaint seeks injunctive relief, reimbursement of costs incurred in responding to the contamination, and declaratory judgment against Flexsteel pursuant to the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and relevant provisions of Indiana state law. 42 U.S.C. §§ 9606, 9607, 9613; Ind. Code §§ 13-25-4-9, 13-25-4-10, 13-25-4-8.

### B. Standard of Review

Approval of a consent decree is a judicial act committed to the sound discretion of the district court. *Madison County Jail Inmates v. Thompson*, 773 F.2d 834, 845 (7th Cir. 1985); *see also United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1019 (8th Cir. 2002). A district court reviews a consent decree to determine whether it is fair, adequate, reasonable, and consistent with applicable law. *See United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011), *as amended* (June 17, 2011); *United States v. Union Elec. Co.*, 132 F.3d 422, 430 (8th Cir. 1997); *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991); *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990); *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). Of particular importance in that analysis is determining whether a proposed decree adequately protects and is consistent with the public interest. *United States v. BP Expl. & Oil Co.*, 167 F. Supp. 2d 1045, 1049 (N.D. Ind. 2001) (hereinafter "*BP Exploration*").

In analyzing the decree before it, the Court should be aware of the policy favoring approval. Public policy strongly favors voluntary settlement of disputes without litigation. *Cannons*, 899 F.2d at 84. And that policy is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal agency, like the EPA, which enjoys substantial expertise in the environmental field. *See Whiting Paper*, 644 F.3d at 372; *Akzo*, 949 F.2d at 1426; *see also E.E.O.C.*, 768 F.2d at 890 ("a district court should be chary of disapproving a consent decree"). But that deference to the Government's judgment should by no means be a rubber stamp. *BP Exploration*, 167 F. Supp. 2d at 1050 (internal citations omitted). Instead, the Court must conduct an individual evaluation based on the particular facts of the case but with caution not to substitute its judgment for that of the parties or engage in the type of detailed investigation that would be required if the parties were trying the case. *Id.* (internal citations omitted).

### C.  Discussion

The Court finds the proposed Consent Decree is fair, reasonable, is consistent with the objectives of the governing statute, and is in the public interest.

To begin, the Court agrees with the parties that this Consent Decree is procedurally fair because it was negotiated at arms-length by competent counsel. No person or entity has come forward to disclose facts or other considerations suggesting any procedural or substantive unfairness in the negotiation of the proposed Consent Decree. Moreover, the Court's review of the record finds no evidence of any such concern.

In assessing the reasonableness of the proposed Consent Decree, the Court is to consider several factors. These include whether the decree is technically adequate to accomplish the goal

of cleaning the environment; the extent to which the decree is consistent with applicable law; and whether the consent decree reflects the relative strength or weakness of the Government's case against the Defendant. *BP Exploration*, 167 F. Supp. 2d at 1053 (citing *Akzo*, 949 F.2d at 1436; *Cannons*, 899 F.2d at 89–90.) For the reasons to be discussed later in this order, this decree is consistent with the applicable law. The Court also finds that this proposed decree is technically adequate and reflects the relative strengths and weaknesses of the Governments' case.

The decree is technically adequate as it requires Flexsteel to provide $9,8000,000 towards the EPA Superfund for remediating the Site. (DE 2-1 at 4.) This is more than enough to cover the estimated $3,600,000 cleanup effort that the EPA proposed in 2016.[1] The proposed decree also contains stipulated penalty provisions to ensure timely compliance with this payment requirement. (*Id.*) The decree reflects the strengths of the Governments' case as, while it is undisputed Flexsteel previously owned and operated two properties within the Site, there are complex factual and legal questions that litigation would need to address. These include whether an up-gradient source contributed to the Site's contamination and whether Flexsteel was responsible for disposing of the COCs during its ownership and operation. Bearing these findings in mind, the Court concludes that the proposed Consent Decree is reasonable.

The Court now turns to whether the proposed Consent Decree is applicable with the governing law. The Court finds the decree is consistent with and furthers the goals of the statutes underlying this litigation. The goal of CERCLA is to preserve and protect the environment from the effects of hazardous substances that may be released and ensure those responsible for any releases bear responsibility. *Cannons*, 899 F.2d at 90–91. The Consent decree does this by

---

[1] Additionally, as the EPA enjoys considerable environmental expertise, the Court grants deference to their conclusion that this amount is adequate to clean up the Site. *See Whiting Paper*, 644 F.3d at 372; *Akzo*, 949 F.2d at 1426; *see also E.E.O.C.*, 768 F.2d at 890.

4

ensuring that Flexsteel, as a former owner and operator of properties within the Site, pays for the cleanup of the Site. As the Governments note, the decree also advances the goals of CERCLA by minimizing the litigation expenses and thereby conserving money in the Superfund. This conserved money can instead be utilized to fund additional cleanup-related work by the EPA at other sites.

The Court finds this proposed Consent Decree is in the public interest. The decree avoids further cost to the public treasury which litigation would impose and provides adequate reimbursement for the Governments' efforts to respond to, and clean up, the contamination at the Site.

### D.  Conclusion

For the foregoing reasons, the Court GRANTS the United States of America's motion to enter the consent decree (DE 6). The Clerk is ORDERED to enter a judgment in accordance with the terms of the consent decree.

SO ORDERED.

ENTERED: February 27, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court